Kevin J. McKenna, Esq. (KJM 7530)
Elvin Esteves, Esq. (EE 2216)
**GIBBONS, DEL DEO, DOLAN**
**GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500
Attorneys for Plaintiffs
LG Electronics, Inc.
LG Electronics U.S.A., Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORPORATION <br><br> Defendant. | CIVIL ACTION NO. 04-2306 (WHW) <br><br> **COMPLAINT** |

Plaintiffs LG Electronics U.S.A., Inc., and LG Electronics, Inc., (collectively, "LG"), through counsel, allege as follows:

## NATURE OF THE ACTION

1.  This is an action seeking redress for patent infringement under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES

2.  Plaintiff LG Electronics U.S.A., Inc. is a Delaware corporation having a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

3. Plaintiff LG Electronics, Inc. is a Korean corporation having a principal place of business at LG Twin Towers, 20 Yoido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721.

4. Defendant Whirlpool Corporation ("Whirlpool") is a Delaware corporation having a principal place of business at 2000 M-63, Benton Harbor, Michigan 49022.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

6. The defendant Whirlpool, Inc. ("Whirlpool") conducts business within the state of New Jersey and has a substantial, permanent, and continuous business presence there. Whirlpool is registered to conduct business in New Jersey.

7. Whirlpool sells products within New Jersey and/or distributes them into the stream of commerce while knowing and/or intending that they will be purchased by consumers in New Jersey. The products that Whirlpool sells and distributes as described include its CALYPSO and DUET washing machines. On information and belief, Whirlpool causes, urges, directs, encourages, knows, and/or intends that consumers in this judicial district use the CALYPSO and DUET products in an infringing manner.

8. This Court has personal jurisdiction over Whirlpool.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## FIRST COUNT
## INFRINGEMENT OF U.S. PATENT NO. 5,768,731

10. LG hereby incorporates all of the allegations set forth in this Complaint.

11. On June 23, 1998, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 5,768,731 ("the '731 patent"), entitled "Drying Method for

Drum-Type Washing Machine." A true and correct copy of the '731 patent is attached as Exhibit 1.

12. LG Electronics, Inc. is the owner of the '731 patent.

13. LG Electronics, Inc., has granted an exclusive license under the '731 patent to LG Electronics U.S.A., Inc.

14. On information and belief, Whirlpool has been making, using, selling, and/or offering for sale washers, including at least the DUET washing machines, that practice the invention of the '731 patent and thus infringe one or more claims of the '731 patent. On information and belief, Whirlpool has induced infringement of and contributorily infringed the '731 patent by actively, intentionally, and/or knowingly causing Whirlpool's customers to use certain washing machines, including at least the DUET washing machines, in a manner that infringes the '731 patent.

15. On information and belief, Whirlpool has been infringing the '731 patent under one or more provisions of 35 U.S.C. § 271, and Whirlpool will continue to do so unless and until enjoined by this Court.

16. Whirlpool's acts of infringement of the '731 patent have caused LG irreparable injury and monetary damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

17. On information and belief, Whirlpool's acts of infringement of the '731 patent have been and continue to be willful and deliberate, rendering this an exceptional case under 35 U.S.C. § 285.

## SECOND COUNT
## INFRINGEMENT OF U.S. PATENT NO. 5,461,886

18. LG hereby incorporates all of the allegations set forth in this Complaint.

19. On October 31, 1995, the PTO duly and legally issued U.S. Patent No. 5,461,886 ("the '886 patent"), entitled "Low Frequency Vibration Type Washing Machine Having Shrinkable Shielding Means for Preventing Clothes from Jamming." A true and correct copy of the '886 patent is attached as Exhibit 2.

20. LG Electronics, Inc., is the owner of the '886 patent.

21. LG Electronics, Inc., has granted an exclusive license under the '886 patent to LG Electronics U.S.A., Inc.

22. Whirlpool has been making, using, selling, and/or offering for sale washers, including at least the CALYPSO washing machines, that infringe one or more claims of the '886 patent. On information and belief, Whirlpool has induced infringement of and contributorily infringed the '886 patent by actively, intentionally, and/or knowingly causing Whirlpool's customers to use certain washing machines, including at least the CALYPSO washing machines, in a manner that infringes the '886 patent.

23. On information and belief, Whirlpool has been infringing the '886 patent under one or more provisions of 35 U.S.C. § 271, and Whirlpool will continue to do so unless and until enjoined by this Court.

24. Whirlpool's acts of infringement of the '886 patent have caused LG irreparable injury and monetary damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

25. On information and belief, Whirlpool's acts of infringement of the '886 patent have been and continue to be willful and deliberate, rendering this an exceptional case under 35 U.S.C. § 285.

## THIRD COUNT
## INFRINGEMENT OF U.S. PATENT NO. 5,339,474

26.　LG hereby incorporates all of the allegations set forth in this Complaint.

27.　On August 23, 1994, the PTO duly and legally issued U.S. Patent No. 5,339,474 ("the '474 patent"), entitled "Apparatus for and Method of Determining Twist of Clothes Being Washed in Washer." A true and correct copy of the '474 patent is attached as Exhibit 3.

28.　LG Electronics, Inc., is the owner of the '474 patent.

29.　LG Electronics, Inc., has granted an exclusive license under the '474 patent to LG Electronics U.S.A., Inc.

30.　On information and belief, Whirlpool has been making, using, selling, and/or offering for sale washers, including at least the CALYPSO washing machines, that practice the invention of the '474 patent and thus infringe one or more claims of the '474 patent. On information and belief, Whirlpool has induced infringement of and contributorily infringed the '474 patent by actively, intentionally, and/or knowingly causing Whirlpool's customers to use certain washing machines, including at least the CALYPSO washing machines, in a manner that infringes the '474 patent.

31.　On information and belief, Whirlpool has been infringing the '474 patent under one or more provisions of 35 U.S.C. § 271, and Whirlpool will continue to do so unless and until enjoined by this Court.

32.　Whirlpool's acts of infringement of the '474 patent have caused LG irreparable injury and monetary damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

#760638 v2

33. On information and belief, Whirlpool's acts of infringement of the '474 patent have been and continue to be willful and deliberate, rendering this an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, plaintiffs LG Electronics, Inc., and LG Electronics U.S.A., Inc., demand judgment against defendant Whirlpool and respectfully request that this Court enter Orders:

A. Holding that Whirlpool has infringed U.S. Patent Nos. 5,768,731; 5,461,886; and 5,339,474;

B. Preliminarily and permanently enjoining Whirlpool, its officers, its agents, its servants, its employees, its attorneys, its representatives, and those in active concert or participation with them from further infringing U.S. Patent Nos. 5,768,731; 5,461,886; and 5,339,474;

C. Awarding damages to LG to compensate for Whirlpool's infringement of U.S. Patent Nos. 5,768,731; 5,461,886; and 5,339,474 and trebling the damages awarded by reason of the willful and deliberate nature of Whirlpool's infringement;

D. Granting LG pre-judgment and post-judgment interest on the damages caused by Whirlpool's infringement of U.S. Patent Nos. 5,768,731; 5,461,886; and 5,339,474;

E. Granting LG its attorneys' fees and costs pursuant to, *inter alia*, 35 U.S.C. § 285; and

#760638 v2

F.  Granting LG such other and further relief as the equity of the case may require and this Court may deem just and proper, together with the costs and disbursements LG incurs in this action.

                         GIBBONS, DEL DEO, DOLAN,
                         GRIFFINGER & VECCHIONE
                         A Professional Corporation

                         By: _____
                             Kevin J. McKenna, Esq. (KJM 7530)
                             Elvin Esteves, Esq. (EE 2216)

**OF COUNSEL:**
Richard L. Stroup
Andrew C. Sonu
Vincent P. Kovalick
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, L.L.P.**
1300 I Street, N.W.
Washington, DC 20005-3315
Telephone No.: (202) 408-4000
Facsimile No.: (202) 408-4400

Adam Avrunin
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, L.L.P.**
3200 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3201
Telephone No.: (404) 653-6400

Attorneys for Plaintiffs
LG Electronics, Inc. and
LG Electronics U.S.A., Inc.

DATED:  May 17, 2004
           Newark, NJ

#760638 v2