IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION<br><br>Defendant. | CIVIL ACTION NO. 04-2306<br><br>Hon. Susan D. Wigenton<br><br>ORDER PURSUANT TO LOCAL CIVIL RULE 5.3(C) FOR DOCUMENTS FILED UNDER SEAL – WHIRLPOOL'S SUMMARY JUDGMENT MOTION FOR NON-INFRINGEMENT<br><br>(MOVING, OPPOSITION, AND REPLY) |

THIS MATTER was raised during a status conference on December 13, 2005, counsel jointly requested a mechanism to streamline the procedures for filing documents and information to be filed under seal pursuant to L.Civ.R. 5.3(c) in support of motions filed in this patent action. This Court previously entered a Protective Order on February 23, 2005, which governs the disclosure of proprietary, commercial, trade secret and other confidential information in this patent action. For example, the February 23, 2005 Protective Order protects the disclosure of the following types of information: unpublished patent applications, information regarding costs or profits for commercial products, information regarding volume of sales to particular customers, information relating to strategies and negotiations of licensing intellectual property and/or business relationships with third parties, draft and executed intellectual property licenses, business or marketing plans, financial statements, customer lists, technical drawings or specifications, research or development information, technical trade secret information, and documents relating to development of products. In light of the proprietary nature of such information, which is integral to Whirlpool's Summary Judgment Motion for Non-infringement

#1044167 v2
105198-52066

that will be filed in this case (including papers submitted in opposition and in further support of this motion) the parties have a legitimate interest in seeking to restrict access to such documents. There is little public interest in disclosing this proprietary and confidential business information. Finally, there are no alternatives that are less restrictive than sealing this proprietary commercial or trade secret information. In fact, this information will be integral to Whirlpool's Summary Judgment Motion for Non-infringement. Based on the above findings of fact and the Court having considered the parties' request and oral argument on December 13, 2005 and for good cause shown;

IT IS, on this _____6th_____ day of January, 2006,

ORDERED that documents designated as Confidential or Confidential Attorneys Eyes Only pursuant to Protective Order entered by this Court on February 23, 2005 or which contain the proprietary, commercial, private and/or other confidential information of either party as outlined in the Protective Order that are submitted in support of or in opposition to Whirlpoool's Summary Judgment Motion for Non-Infringement, filed by either party shall be sealed pursuant to L.Civ.R. 5.3(c).

Hon. Susan D. Wigenton, U.S.M.J.

2

#1044167 v2
105198-52066